# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| EUGENE FORD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:20CV1551 HEA |
| | ) |
| R.J. REYNOLDS TOBACCO CO., | ) |
| et al., | ) |
| | ) |
| Defendants. | ) |

## **OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's Motion to Consolidate, [Doc. No. 45]. Remaining Defendant R.J. Reynolds Tobacco Co. objects to the Motion. The motion is fully briefed. After careful consideration, the Court denies the motion to consolidate this case with *Baum v. R.J. Reynolds Tobacco Company et al.*, 4:20-cv-01557-AGF ("Baum"), *Andrews v. R.J. Reynolds Tobacco Company et al.*, 4:20-cv-01583-RWS ("Andrews") and *Perkins v. R.J. Reynolds Tobacco Company et al.*, 4:20-cv-01663-RWS ("Perkins").

### **Facts and Background**

Plaintiff's Motion sets out the following facts and background in support of his motion to consolidate:

Plaintiff, Eugene Ford, began smoking cigarettes in the early 1970s at the age of 15. During his smoking history, Ford smoked Winston, Kool, and Salem cigarette products. In or around November, 2019, Ford was diagnosed with squamous cell lung cancer. Ford has brought four claims against Defendant, R.J. Reynolds Tobacco Company: (1) Strict liability (design defect); (2) Negligent design; (3) Fraudulent concealment; and (4) Concealment fraud conspiracy.

In *Baum, supra,* Plaintiff, Adrian Baum, began smoking cigarettes in 1964 at the age of 12. During his smoking history, Baum smoked Marlboro (Philip Morris), Winston, Pall Mall, and Kool cigarette products. In or around 2018, Baum was diagnosed with chronic obstructive pulmonary disease ("COPD"). Baum has brought five claims against Defendant, R.J. Reynolds Tobacco Company: (1) Strict liability (design defect); (2) Strict liability (failure to warn); (3) Negligent design; (4) Fraudulent concealment; and (5) Concealment fraud conspiracy.

In *Andrews, supra,* Plaintiff, Ellen Andrews, began smoking cigarettes in the early 1970s at the age of 15. During her smoking history, Andrews smoked Newport, Viceroy, and Kool cigarette brands. In or around 2019, Andrews was diagnosed with COPD and lung cancer. Andrews has brought four claims against Defendant, R.J. Reynolds Tobacco Company: (1) Strict liability (design defect); (2) Negligent design; (3) Fraudulent concealment; and (4) Concealment fraud conspiracy.

In *Perkins, supra,* Plaintiff, Barry Perkins, began smoking cigarettes in or around 1982 at the age of 13. During his smoking history, Perkins smoked Kool cigarette products. In or around late 2019, Perkins was diagnosed with bladder cancer. Perkins has brought five claims against Defendant, R.J. Reynolds Tobacco Company: (1) Strict liability (design defect); (2) Strict liability (failure to warn); (3) Negligent design; (4) Concealment fraud; and (5) Concealment fraud conspiracy.

**Discussion**

Rule 42(a) of the Federal Rules of Civil Procedure governs consolidation of cases. Rule 42(a) provides: "If actions before the court involve common questions of law or fact, the court may: (1) join for hearing or trial any or all maters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." A district court has broad discretion in determining whether to order consolidation. *City of Creve Coeur, Missouri v. DIRECTV, LLC*, No. 4:18CV1453 RLW, 2019 WL 3604631, at *1–6 (E.D. Mo. Aug. 6, 2019), *leave to appeal denied,* No. 19-8016, 2019 WL 7945996 (8th Cir. Sept. 12, 2019), citing *Enter. Bank v. Saettele*, 21 F.3d 233, 235 (8th Cir. 1994). "The threshold issue is whether the proceedings involve a common party and common issues of fact or law. The mere existence of common issues, however, does not mandate that the cases be joined." *A.O.A. v. Doe Run Res. Corp.*, No. 4:11CV44 CDP, 2016 WL

1182631, at *2 (E.D. Mo. Mar. 28, 2016) (citation omitted). "The party seeking consolidation has the burden of showing the commonality of factual and legal issues, and the Court must examine 'the special underlying facts' with 'close attention' before ordering consolidation." *PB & J Software, LLC v. Acronis, Inc.*, No. 4:12-CV-690 SNLJ, 2012 WL 4815132, at *2 (E.D. Mo. Oct. 10, 2012) (quoting *In re Repetitive Stress Injury Litig.*, 11 F.3d 368, 373 (2d Cir. 1993)). The purpose of consolidation is to promote convenience and economy in the administration of actions. *Saettele*, 21 F.3d at 235 (citation omitted). However, consolidation is not appropriate if it leads to inefficiency, inconvenience, or unfair prejudice to a party. *E.E.O.C. v. HEE Corp.*, 135 F.3d 543, 551 (8th Cir. 1998).

These cases involve a common party: Defendant R.J. Reynolds Tobacco Co. is a defendant in all four cases. Therefore, the Court must consider whether the cases involve common questions of law or fact and determine whether consolidation would promote convenience and economy in the administration of the actions. *See* Fed. R. Civ. P. 42(a); *Saettele*, 21 F.3d at 235.

Plaintiff argues these cases all involve "substantial overlapping" issues of fact and law. All plaintiffs allege that the cigarettes they smoked, which were manufactured by RJR (or by manufacturers for which RJR is the successor-in-interest or successor-by-merger), caused or directly contributed to the development of serious diseases such as COPD, lung cancer, and bladder cancer; all plaintiffs

allege that they began smoking at a young age (12-15 years old), during the same general time period (1960s and 1970s); all plaintiffs assert that same wrongful conduct by RJR in manufacturing, distributing, and selling their cigarettes to the plaintiffs, as well in concealing and making false representations regarding the health hazards and addictive nature of cigarettes; all plaintiffs bring nearly identical products liability and fraud causes of action against RJR under Missouri law, including counts for Strict Liability (Design Defect), Negligent Design, Fraudulent Concealment, and Concealment Fraud Conspiracy, with *Perkins* and *Baum* including an additional count for Strict Liability (Failure to Warn).

Defendant opposes the motion to consolidate because of the differing brands of cigarettes, different alleged injuries, different medical histories, different amounts of cigarettes smoked per day, different lengths of time smoked, different ages among the plaintiffs, and different ages when plaintiffs began smoking. Defendants also argue consolidation will make discovery and trial more inefficient and possibly confusing because each plaintiff will have different production and proof, it will potentially be prejudiced because the plaintiffs' proof and injuries may spill over to with respect to defendant. Furthermore, plaintiffs are seeking punitive damages and Defendant fears additional prejudice in this regard. will have its own documents, discovery responses, witnesses, as well as local and

5

national counsel that will need to coordinate with each other for all scheduling purposes.

The Court agrees with Defendant that consolidation is not proper in this case because of the individual medical histories of each of the plaintiffs. Each plaintiff will be required to prove his or her injury was caused by Defendant's products. The different products, injuries, amount of smoking, time the plaintiffs started smoking and the plaintiffs' ages, all of which are different, demonstrate that the issues of fact are diverse enough to require separate discovery and trials.

Defendant is entitled to defend a case on its merits and should not be required to lump its defense into one.

> D]issimilarities in the claims brought by plaintiffs suggest that these claims are not related logically to one another. Plaintiffs began smoking at different ages; they bought different brands throughout their years as smokers; and they quit for different reasons and under different circumstances. . . . [S]erious questions exist regarding medical causation. . . . In the face of this evidence, plaintiffs' arguments that causation and other medical issues can be resolved without engaging in highly individualized inquiries is even less persuasive here than it was in their briefs in support of class certification.

*Insolia v. Philip Morris Inc.*, 186 F.R.D. 547, 550 (W.D. Wis. 1999).

Based on this analysis, the Court finds that Plaintiffs' cases against Defendant do not present common issues of fact that warrant consolidation. The Court also finds potentially conflicting rulings is not an overriding consideration due to the varying factual differences among the plaintiffs. Lastly, and significantly, consolidation may unfairly prejudiced Defendant as the jury might

transfer some liability for one plaintiff over to others, whereas, no plaintiff will be prejudiced in any way through separate trials.

## Conclusion

Upon consideration of all the factors of Rule 42(a), the Court concludes that consolidation of these four cases is not appropriate.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Consolidate, [Doc. No. 45) is **DENIED**.

Dated this 28th day of June, 2021.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE